# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT HULVEY,

                    Petitioner,                  Case Number: 2:09-CV-14259

v.                                          HON. NANCY G. EDMUNDS

CINDI CURTIN,

                    Respondent.

_____/

### OPINION AND ORDER DENYING PETITIONER'S MOTIONS AND TRANSFERRING CASE TO UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

This matter is before the Court on Petitioner Robert Hulvey's *pro se* petition for a writ of habeas corpus. Petitioner, who is currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, challenges the Michigan Parole Board's extension of his parole and subsequent revocation of his parole. Also before the Court are several motions filed by Petitioner.

A habeas petition submitted by a person in state custody may be filed in the district where the person is in custody or in the district where the person was convicted and sentenced. 28 U.S.C. § 2241(d). The district in which the petitioner files his habeas petition, in the exercise of its discretion and in furtherance of justice, may transfer the petition to another district court for hearing and determination. *Id.*

As noted, Petitioner challenges the extension and revocation of his parole in his petition. The Michigan Parole Board is based in Lansing, Michigan, which is in Ingham County. Additionally, Petitioner is confined in Oaks Correctional Facility in Manistee County. Ingham

and Manistee Counties both lie in the Southern Division, Western District of Michigan. *See* 28

U.S.C. § 102(b). Accordingly, in the interests of justice, the Court will exercise its discretion

and transfer this matter to the United States District Court for the Western District of Michigan.

Currently pending before the Court are several motions filed by Petitioner. Petitioner has

filed a Motion for Reconsideration of the Court's Order setting a responsive pleading deadline.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable

defect," (2) by which the court and the parties were misled, and (3) the correction of which will

result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a

"defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321

F. Supp. 2d 872, 874 (E.D. Mich. 2004). The Court has discretion to set the deadline for filing a

responsive pleading. Petitioner does not agree with the time set by the Court, but has not shown

that the Court lacked discretion to set the deadline or the deadline was set in error. The motion

will be denied.

The remaining motions deal with management of the Court's docket, the merits of the

claims raised in the petition, and the appointment of counsel. Because the matter is being

transferred to the Western District, the Court will deny these motions without prejudice to

Petitioner's right to seek reconsideration in the Western District.

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer the Court file to the

Western District of Michigan, Southern Division.

The Court further **ORDERS** that Petitioner's "Motion for Reconsideration" [dkt. # 10] is

**DENIED.**

The Court further **ORDERS** that Petitioner's "Motion for Immediate Consideration"

[dkt. #3], "Motion for Preliminary Injunction" [dkt. # 6], "Motion for Court Appointed Counsel"

[dkt. # 9], and "Motion for Summary Judgment" [dkt. # 11] are **DENIED WITHOUT**

**PREJUDICE**.


                              s/Nancy G. Edmunds
                              Nancy G. Edmunds
                              United States District Judge

Dated:  September 14, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on
September 14, 2010, by electronic and/or ordinary mail.

                              s/Carol A. Hemeyer
                              Case Manager